## Case No. 5,268.

### GATES v. JOHNSON.

[Brunner, Col. Cas. 633;[1] 21 Law Rep. 279.]

Circuit Court, N. D. Ohio. 1857.

ADMIRALTY JURISDICTION — RULES OF, NOT RE-STRICTIVE—DEPOSITARY OF SAVED PROP-ERTY—LIABILITY IN ADMIRALTY.

1. The rules in admiralty are not to be regarded as restrictive, but as enumerative of the more common remedies.

2. Where the depositary of saved property has rendered himself liable for the lien of the salvors, he may be proceeded against in admiralty.

This was a libel filed by the crew of the brig Gladiator to recover a salvage claim due them on certain barrels of flour and high wine, which had been lost or jettisoned from some vessel unknown, and which were found by the Gladiator, floating and derelict, on Lake Erie, in May, 1856. The property, valued at one thousand dollars and upwards, was brought into Cleveland, and deposited for safe keeping with Johnson, Willard & Co., who in violation of the rights of libelants, as was claimed, delivered it over to Lake Erie Navigation Company, receiving one hundred dollars, and a bond of indemnity. This one hundred and eighty dollars was paid over by them to Brooks, Adams & Upham, the owners of the Gladiator, who were made defendants in the libel, together with Johnson, Willard & Co. Exceptions to the libel were filed, on behalf of Johnson, Willard & Co., on the ground that they were not within the nineteenth rule in admiralty, which prescribes the modes of proceeding, and the parties who may be proceeded against in salvage cases.

Willey and Cary, for libelants.

Williamson and Riddle, for respondents.

McLEAN, Circuit Justice, held: 1. That Johnson, Willard & Co., as bailees, were responsible for the lien of libelants. Story, Bailm. §§ 98, 105, 108, 110, 113; Sedg. Dam. 482; 5 Wend. 315.

2. That the foundation of this proceeding being a salvage claim, it was most appropriately, if not alone, cognizable in admiralty. Brevoor v. The Fair American [Case No. 1,847]; 3 Sandf. 451, and other cases.

3. That libelants were entitled to their proportion of the amount paid their co-salvors; and that the rules in admiralty prescribing proceedings in certain cases were not to be regarded as restrictive, but only as enumerative of the more common remedies, leaving such other and further proceedings to be had by the courts as might be found necessary, in any case, to give effect to their jurisdiction. The Centurion [Case No. 2,554]; Gardner v. The New Jersey [Id. 5,233]; Brevoor v. The Fair American [supra]; 3 Kent,

371; Waterbury v. Myrick [Case No. 17,253]; Shepherd v. Taylor, 5 Pet. [30 U. S.] 675; [Bank of U. S. v. Deveaux] 5 Cranch [9 U. S.] 81; Ben. Adm. Pr. § 17.

The exceptions were overruled, and a decree entered in favor of libelants for five hundred dollars, being one half the value of the saved property; against Brooks. Adams & Upham, owners, for such proportion of the one hundred and eighty dollars received by them as the libelants were entitled to; and against Johnson, Willard & Co. for the libelants' proportion of three hundred and twenty dollars, which Johnson, Willard & Co. had become responsible for on giving up the property on which the libelants had a lien. The decree awarded one third of five hundred dollars to the owners of the Gladiator, one fourth of two thirds to the master, and three fourths of two thirds to be divided equally among the crew.

---

## Case No. 5,269.

### GATES v. SMITH.

[See Case No. 5,286.]

---

## Case No. 5,270.

### GATES v. WINOOSKI LUMBER CO.

[18 N. B. R. 31.][1]

Circuit Court, D. Vermont. April 2, 1878.

BANKRUPTCY — PROCEEDINGS BY ASSIGNEE TO RE-COVER ASSETS—CONTRACTS.

An arrangement was entered into between defendant and a committee appointed by the bankrupt corporation, defendant, and the other owners, by which defendant was to furnish the lumber necessary to rebuild a dam owned by them all. Defendant furnished a part of the lumber, placing it where it would be taken for use on his land, but the dam was not rebuilt. Defendant proved his claim in the bankruptcy proceedings for the bankrupt's share of the purchase-price, but afterwards withdrew it, and neither the bankrupt nor its assignee ever paid anything for the lumber thus furnished or otherwise took possession of it. Subsequently, defendant obtained leave of the assignee to sell it, and promised thereupon to pay him his share of the avails; but after selling the same he refused, on demand made, to pay over plaintiff's share. In an action by the assignee to recover such share as money had and received to his use, *held*, that it was proper to submit to the jury the question whether anything remained to be done to this lumber by defendant before, under the contract, it was to be taken and used; that the question whether the title to the lumber passed to the bankrupt and therefore whether there was a consideration for defendant's promise, depended upon whether anything remained to be done by the seller.

[This was a suit by Joel H. Gates, assignee, against the Winooski Lumber Co.]

WHEELER, District Judge. This cause has been heard upon the motion of the defend-

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

[1] [Reprinted by permission.]